ROSE ZINO, PLAINTIFF, v. THOMAS ZINO, DEFENDANT.

Superior Court of New Jersey
Chancery Division

Decided November 1, 1954.

*Mr. Clyde Christie (Mr. Edward J. Van Tassel,* appearing), attorney for plaintiff.

*Mr. Alan V. Lowenstein (Mr. Howard T. Rosen,* appearing), attorney for defendant.

HEGARTY, J. S. C.   The questions for decision at this stage of the proceedings in this cause are raised by defendant's demand for security for costs in accordance with the statutes in such case made and provided, and by plaintiff's notice of motion, supported by her affidavit, for an order of court requiring defendant to pay to her a proper allowance for her support and maintenance and that of the child of the marriage in her custody, *pendente lite,* and for a reasonable sum for counsel fees and suit moneys to enable her to prosecute her said suit.

Defendant, in opposition, urges that no consideration be given to plaintiff's application until she has complied with the provisions of *N. J. S.* 2*A*:15–67.   The effect of his filed demand, he asserts, is to stay all proceedings in the cause under the terms of *N. J. S.* 2*A*:15–69 until security for costs

is filed by the non-resident plaintiff. The cited statutes are as follows:

N. J. S. 2A :15–67. "Where in any action in the superior court or a county court any plaintiff or any party asserting a counterclaim, cross-claim or third-party claim is a nonresident, he shall, if, at any time before trial, notice is given to him by an opposing party demanding security for costs, give bond in favor of the opposing party, or, if there is more than 1 making the demand, in favor of each of them, in the sum of $100, with sufficient surety, conditioned to prosecute the action with effect and to pay costs if the action is dismissed or judgment passes against him. If there is more than 1 plaintiff or claimant, they may give bond jointly in the sum of $100, all as aforesaid.

If the surety on the bond is an individual and not a corporation, he shall be a resident of this state.

The bond shall be filed in the office of the clerk of the court in which the action is pending."

N. J. S. 2A :15–69. "Whenever a notice is given demanding from a nonresident party security for costs, all proceedings on his claim shall be stayed until the required security is filed or deposit made."

Plaintiff's complaint is in three counts. For a determination of the pending matters reference is had only to the first and second counts thereof. In a prior proceeding brought by defendant a summary judgment was entered in his favor against the plaintiff on the third count of her complaint. The first count of plaintiff's complaint is for alimony and maintenance on a charge of simple abandonment of her on or about September 27, 1950. Second count: that judgment be made against the defendant for the amount of the arrearages of alimony and support and maintenance due to plaintiff under the judgment obtained by her in the Supreme Court of New York in and for the County of Queens, a court of record of general jurisdiction, on the 29th day of April 1954, for $1,725, representing such arrearages, with interest from the 29th day of April 1954, together with costs amounting to $10. Plaintiff alleges she still owns and holds said judgment which remains in full force and effect. Involved also is support for and custody of the infant child of the parties— a boy—now four years of age.

The complaint of plaintiff is a "matrimonial matter" as defined in R. R. 4 :93–2 (a).

In resisting plaintiff's application *pendente lite* defendant contends he should not be required to furnish support and maintenance in the pending cause so long as there is a judgment in force in a New York court requiring him to pay alimony, support and maintenance in that jurisdiction. However, he has not shown a compliance with the terms of the said New York judgment and plaintiff has been compelled to bring the present action to require defendant to furnish her and the child with support and maintenance.

Plaintiff's action is authorized by *N. J. S.* 2*A* :34–23 which provides:

"Pending any matrimonial action brought in this state or elsewhere, or after judgment of divorce or maintenance, whether obtained in this state or elsewhere, the court may make such order as to the alimony or maintenance of the wife, and also as to the care, custody, education and maintenance of the children, or any of them, as the circumstances of the parties and the nature of the case shall render fit, reasonable and just, and require reasonable security for the due observance of such orders. * * * Orders so made may be revised and altered by the court from time to time as circumstances may require."

It is clear that plaintiff's suit is excluded from the terms of *N. J. S.* 2*A* :34–27 which provides for bond for costs in certain actions relative to maintenance:

"In any action under sections 2*A* :34–24 and 2*A* :34–26 of this title the court may order a bond to be given in the sum of $100 with 1 or more sufficient sureties, with condition to pay such costs as may be awarded by the court to the defendant."

Certainly it is within the legislative competence to designate the actions under the alimony and maintenance statute in which bond for costs may be ordered. Where the purpose of the legislative action is evident that exclusion of proceedings brought under *N. J. S.* 2*A* :34–23 from furnishing security for costs is intended, it should be effectuated. The design of the legislation is to place alimony and maintenance suits outside of the provisions of *N. J. S.* 2*A* :15–67 and 2*A* :15–69 and suggests the reason for inclusion of a section dealing with bond for costs, in specific cases, in the alimony and maintenance statute.

Add to the force of the statutes, *R. R.* 4:55–6 which provides:

"(a) Except when express provision therefor is made either in a statute or in these rules, or when a wife does not prevail in a divorce, annulment or maintenance action, costs shall be allowed as of course to any prevailing party unless the court otherwise directs. The action of the clerk in taxing costs may be reviewed by the court on motion."

It is apparent, in view of the provisions of the alimony and maintenance statute, plaintiff should not be required to furnish security for costs on the demand of the defendant, and defendant's application therefor will be dismissed.

██ Plaintiff's application for *ad interim* relief is opposed by defendant on grounds heretofore set forth. In this controversial situation plaintiff assumes the burden of showing a *prima facie* case. The court has examined, without deciding, the merits as appearing in the pleadings and affidavits thus far filed as a guide and help in the exercise of its discretion and there are contradictions now apparent concerning the faculties of the defendant that can be resolved only after a full hearing. However, in the circumstances the prevailing facts require that a proper sum for preliminary support and maintenance should be granted in the instant case. I have considered the pleadings in the light of the alimony and maintenance sought by plaintiff and the ability of the defendant to pay. The question of allowances of counsel fees and costs is also before me for determination. Accepting the defendant's own figures, at this time, as to his weekly income and earning capacity, he will be required to pay to plaintiff, *pendente lite,* the following sums: $25 per week for support and maintenance of plaintiff and the sum of $15 per week for the support of the child, a total of $40 per week payable through Bergen County Probation Office. In addition, defendant shall pay to plaintiff or to her attorney a counsel fee of $150, costs of this application to be taxed, and the $60 deposit required under *R. R.* 4:98–1(*d*).

Order in accordance with above findings. See *R. R.* 4:55–1.